Case 4:25-cv-01934   Document 10   Filed on 09/11/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JALIL M. L., § § *Plaintiff*, § § v. § § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § *Defendant*. § | Civil Action No.: 4:25cv1934 |

# MEMORANDUM AND RECOMMENDATION

Plaintiff filed a Complaint on April 22, 2025, under the Social Security Act, 42 U.S.C. §§ 405(g), for review of the Commissioner's final decision denying his request for disability insurance benefits.[1] ECF 1. The case is before the Court on the Commissioner's Motion to Dismiss for lack of exhaustion. ECF 7. Plaintiff failed to file a timely response. LOC. R. S. D. TEX. 7.3, 7.4. Having reviewed the Commissioner's Motion and the law, the Court recommends this case be dismissed without prejudice.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.

**I.      Review Standards**

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). In this case, the Commissioner filed a Motion to Dismiss but relies upon the Declaration of Lesha Cowell, Court Case Preparation and Review Branch 4 Office of Appellate Operations Social Security Administration, and documents attached thereto in support of the Motion. ECF 7-1. The Commissioner acknowledged and gave notice to Plaintiff in its Motion that Federal Rule of Civil Procedure 56 governing Summary Judgment provides the appropriate standard of review. ECF 7 at 1 n.2.

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the

moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Plaintiff did not file a Response to the Motion and has presented no evidence to the Court. A federal court may not grant a default motion for summary judgment when no response is filed, but the court may find the facts presented by the movant to be undisputed. *Safeco Insurance Co. of America v. Progressive Cty. Mut. Ins. Co.*, No. 4:21-CV-03297, 2022 WL 2818751, at *1 (S.D. Tex. July 19, 2022) (citing *Morgan v. Federal Express Corp*, 114 F Supp 3d 434, 437 (S.D. Tex. 2015) and *Eversley v. MBank of Dallas*, 843 F2d 172, 174 (5th Cir. 1988)).

## II.    Analysis

The administrative review process for an application for Social Security disability benefits has four steps: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. 20 C.F.R. § 404.900(a). Social Security Administration regulations set deadlines for a claimant to challenge an adverse determination at each step. *See id.* § 404.900(b). Federal court review is limited to review of a final decision under 42 U.S.C. § 405(g). *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (failure to request review from Appeals Council precludes judicial review); *Sefiane v. Comm'r of Soc. Sec. Admin.*, 2021 WL

5989758, at *2 (S.D. Tex. Nov. 2, 2021) (failure to seek review at steps two through four warranted dismissal of appeal), *report and recommendation adopted* 2021 WL 5987187 (S.D. Tex. Dec. 17, 2021). Therefore, a Plaintiff must exhaust all four steps of the administrative review process before seeking judicial review in federal district court. *See id*. § 404.900(a)(5); *Dowling v. Kijakazi*, No. 4:23-CV-03768, 2024 WL 3843771, at *2 (S.D. Tex. July 19, 2024), *report and recommendation adopted*, No. 4:23-CV-03768, 2024 WL 4447228 (S.D. Tex. Oct. 8, 2024) (citing *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987) ("Once the claimant has exhausted these administrative remedies, [s]he may seek review in federal district court.")).

Plaintiff filed a claim for Title II benefits on June 16, 2022, which was denied at the initial level on January 12, 2024. ECF 7-1 ¶3(a), 5-6. Plaintiff's claim was denied on reconsideration on March 5, 2024. *Id.* ¶3(b), 10-12. At Plaintiff's request hearings were held before an Administrative Law Judge (ALJ) on August 13, 2024 and December 18, 2024. *Id.* ¶3(c). The ALJ issued an unfavorable decision on March 7, 2025. *Id.* at 20-38. Plaintiff received Notice of the ALJ's unfavorable decision on March 7, 2025. ECF 7-1 at 17; ECF 1 at 2. The Notice informs Plaintiff that his written appeal to the Appeals Council was due in 60 days. *Id.* There is no indication in the administrative record that at the time of filing this case Plaintiff had completed the fourth step of the administrative process by seeking review of the

Social Security Appeals Council. ECF 7-1 ¶3(d). Plaintiff does not contend otherwise.

The requirement to exhaust administrative remedies is not jurisdictional and may be waived. *Smith v. Berryhill*, 587 U.S. 471, 478 (2019). "Traditional circumstances" that can excuse a failure to exhaust administrative remedies include:

(1) the unexhausted administrative remedy would be plainly inadequate;
(2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy;
(3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative process itself is unlawful); and
(4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim.

*Dowling*, 2024 WL 3843771, at *2 (citations omitted). Here, Plaintiff has offered no explanation for his decision to file this federal case on April 22, 2025 instead of filing a written notice of appeal with the Appeals Council. *See generally* ECF 1. Plaintiff has presented no evidence or argument demonstrating any of the four circumstances set forth above justify excusing his failure to exhaust administrative remedies.

### III. Conclusion and Recommendation

For the reasons set forth above, the Court recommends that the Commissioner's Motion to Dismiss (ECF 7) be GRANTED and this case be

dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 11, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge